UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CRIMINAL ACTION NO. 4:05CR-43-M

UNITED STATES OF AMERICA                                              PLAINTIFF

VS.

BRENT FELIX BLOOMER
BELINDA K. STROBEL                                                   DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon motions by the Defendant, Brent Bloomer, for separate trials [DN 47, DN 77]. On May 2, 2006, the Court conducted an evidentiary hearing in this matter. There appeared Robert J. Kilmartin for the United States; Patrick J. Bouldin, counsel for Defendant, Brent Bloomer; and James A. Earhart, counsel for Defendant, Belinda Strobel. Fully briefed, this matter is ripe for decision.

**Background**

Defendants Brent Bloomer and Belinda Strobel moved to sever their joint trial arguing that statements given by their codefendant would violate their Sixth Amendment right of confrontation as discussed in Bruton v. United States. The Court denied Defendant Strobel's motion to sever finding that Strobel will not be prejudiced by her codefendant's statement because any reference to her in Bloomer's statement can be easily omitted.

In addressing Defendant Bloomer's motion, the Court reviewed the United States's original redaction of Strobel's July 15, 2005, statement to law enforcement.  By

1

Memorandum Opinion and Order entered August 17, 2006, the Court held that the United States's proposed redactions were insufficient to safeguard Bloomer's Sixth Amendment right of confrontation. The Court ordered the United States to undertake more extensive redactions of the transcript in order to comply with the requirements of Bruton v. United States. In compliance with this order, the United States filed a revised redacted transcript. Defendant Bloomer now objects to the proposed redaction and renews his motion to sever the Defendants. In the alternative, Defendant Bloomer tenders a proposed redacted statement of Strobel's interview to be used at a joint trial.

**Law**

The Confrontation Clause of the Sixth Amendment guarantees the right of a criminal defendant "to be confronted with the witnesses against him." U.S. CONST. amend. VI. In Bruton v. United States, the Supreme Court held that statements of non-testifying codefendants which incriminate the defendant on their face violate the Constitution, regardless of any limiting instruction. 391 U.S. 123, 132 (1968). See also United States v. Truss, 2006 WL 1006528, *4 (E.D. Tenn. April 14, 2006). Unless the Government "wishes to hold separate trials or to use separate juries or to abandon use of the confession, [the prosecutor] must redact the confession to reduce significantly or to eliminate the special prejudice that the *Bruton* Court found." Gray v. Maryland, 523 U.S. 185, 192 (1998).

"The Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence.

. . ." Richardson v. Marsh, 481 U.S. 200, 211 (1987). Significantly, Bruton does not bar the use of a redacted codefendant's confession "even if the codefendant's confession becomes incriminating when linked with other evidence adduced at trial." United States v. DiCarlantonio, 870 F.2d 1058, 1062 (6th Cir.), cert. denied, 493 U.S. 933 (1989). See also Richardson v. Marsh, 481 U.S. at 208. However, "[r]edactions that simply replace a name with an obvious blank space or a word such as 'deleted' or a symbol or other similarly obvious indications of alteration, however, leave statements that, considered as a class, so closely resemble *Bruton's* unredacted statements that, in our view, the law must require the same result." Gray, 523 U.S. at 192. The Supreme Court reasoned that "statements redacted in such a way [are] often obvious to the jury, unnecessarily [alert] the jury to the redacted name, and directly [accuse] the co-defendant." United States v. Winston, 55 Fed.Appx. 289, 293-94 (6th Cir. Jan. 23, 2003), cert. denied, 538 U.S. 1066 (2003)(citing Gray, 523 U.S. at 193-194). See also U.S. v. Truss, 2006 WL 1006528, *4.

**Discussion**

While the United States has redacted from the transcript much of the incriminating portions of Strobel's interview, the United States continues to replace the Defendant's name with the words "they" and "them." Additionally, the United States has retained Strobel's use of the words "we" and "they." Courts have recognized that in some instances the replacement of a defendant's name with a neutral pronoun may avoid a Bruton violation. See, e.g., United States v. Winston, 55 Fed. Appx. 289, 294-296 (6th Cir. Jan. 23, 2003); United States v. Taylor, 186 F.3d 1332, 1335-36 (11th Cir.1999)(defendants' names replaced

3

with "they" or the "captain"). However, in examining the revised redacted transcript in the present case, the Court finds that the substitution of these words for Bloomer's name still leads to an improper inference that Brent Bloomer was named in Strobel's confession. Just as in Gray, "[t]he inferences at issue here involve statements that, despite redaction, obviously refer directly to someone, often obviously the defendant, and which involve inferences that a jury ordinarily could make immediately, even were the confession the very first item introduced at trial." Gray, 523 U.S. at 196. See also Stanford v. Parker, 266 F.3d 442, 457 (6th Cir. 2001)(the replacement of "Stanford" with "the other person" in the codefendant's confession violated Bruton).

Notwithstanding these Bruton problems, it appears to the Court that for the most part the redacted transcript filed by Defendant Bloomer complies with Bruton and Gray. In addition to the redactions made by Defendant Blooomer, the Court also suggests that the United States remove the sentence "Do you have any idea what they were having you buy the pills for?" in the 26th and 27th line on page 1. Further, the United States should replace the word "us" with "me" in the sixth line on page 5. However, in reviewing Defendant Bloomer's proposed redactions, the Court finds that the redactions of lines 1 through 5 on page 1 are unnecessary. Similarly, the Court finds that redactions suggested on page 13 and the first line on page 14, as well as the redactions suggested at lines 25 through 27 on page 16, are unnecessary.

Having found the transcript redactions discussed above are sufficient to safeguard Bloomer's Sixth Amendment rights, **IT IS HEREBY ORDERED** that the motions by

Defendant Bloomer to sever the joint trials of the Defendants [DN 47, DN 77] are **denied**.

The United States shall make the additional redactions discussed above.

cc: counsel of record