FILED
Jeffrey A. Apperson, Clerk
SEP 1 3 2006
U. S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CRIMINAL ACTION NO.   4:05CR-43-M

UNITED STATES OF AMERICA                                        PLAINTIFF

VS.

BRENT FELIX BLOOMER                                             DEFENDANT

### JURY INSTRUCTIONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Government has proven its case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

### I. GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The defendant is presumed innocent. The presumption of innocence remains with him unless the government presents evidence that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty. The defendant has no obligation to present any evidence at all or to prove to you in any way that he is innocent. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, then say so by returning a guilty verdict. If you are not convinced, then say so by returning a not guilty verdict.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.



## WHAT IS NOT EVIDENCE

You must remember that the indictment is not evidence of any guilt. It is simply the formal way the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt and you may not consider it as such. Furthermore, the following things are not evidence and you may not consider them in deciding what the facts are:

1)  Arguments and statements by lawyers are not evidence;

2)  Questions and objections by lawyers are not evidence;

3)  Testimony I have instructed you to disregard is not evidence; and,

4)  Anything you may have seen or heard when the Court was not in session is not evidence.

## STATE OF MIND

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct

proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

All of these are matters for you to consider in deciding the facts.

## OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from persons described as experts. Persons who, by education and experience, have become experts in some field may state their opinion on matters in that field and may also state their reasons for the opinion.

Expert opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## DEFENDANT'S ELECTION NOT TO TESTIFY

A defendant has an absolute right not to testify. The fact that he did not testify cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

I will now explain the elements of the crimes that the Defendant is accused of committing.



## II. RULES OF LAW

## INSTRUCTION NO. 1

**Count 1 – Conspiracy to Commit the Crimes of Manufacturing Methamphetamine, Possession with Intent to Distribute Methamphetamine, or Distribution of Methamphetamine**

Count 1 of the Indictment charges that from in and about May 2005 until on or about July 12, 2005, in the Western District of Kentucky, the Defendant, Brent Felix Bloomer, conspired with others to commit the crimes of manufacturing methamphetamine, of possession with intent to distribute methamphetamine, and of distribution of methamphetamine, in violation of federal law. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

**First,** that two or more persons conspired, or agreed, to commit one or more of the following crimes: manufacturing methamphetamine, possession with intent to distribute methamphetamine, or distribution of methamphetamine; and

**Second,** that the Defendant knowingly and voluntarily joined the conspiracy.

You must be convinced that the government has proved each of these elements beyond a reasonable doubt in order to find the Defendant guilty of the conspiracy charge.

### Agreement

With regard to the first element – a criminal agreement – the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crimes of manufacturing methamphetamine, possession with intent to distribute methamphetamine, or distribution of methamphetamine.



This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proven an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of manufacturing methamphetamine, possession with intent to distribute methamphetamine, or distribution of methamphetamine. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

### Defendant's Connection to the Conspiracy

If you are convinced that there was a criminal agreement, then you must decide whether the government has proven that the Defendant knowingly and voluntarily joined that agreement. To convict a defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning, nor does it require proof that the Defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was

7

happening or did not object to it. Similarly, just because the Defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that the Defendant joined a conspiracy. But without more they are not enough.

What the government must prove is that the Defendant knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals. This is essential.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor, is there any requirement that the name of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the Defendant conspired with one or more of them. Whether they are named or not does not matter.

### Additional Finding

If you find the Defendant guilty of the crime of conspiracy to manufacture methamphetamine, possession with intent to distribute methamphetamine or distribute methamphetamine, then you must also determine the amount of methamphetamine involved in this crime. You will be asked in a special verdict form to indicate if you believe from the evidence, beyond a reasonable doubt, that the quantity of the mixture or substance containing a detectable amount of methamphetamine involved in this crime was 50 grams or more.



## INSTRUCTION NO. 2

### Count 2 – Possession with Intent to Distribute Methamphetamine

Count 2 of the Indictment charges the Defendant, Brent Felix Bloomer, with possession with intent to distribute a substance containing a detectible amount of methamphetamine, a Schedule II controlled substance, on or about July 12, 2005. Title 21, United States Code, § § 841(a)(1) and (b)(1)(c) make it a crime to knowingly or intentionally possess with intent to distribute a controlled substance.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

**First,** that the defendant knowingly and intentionally possessed methamphetamine; and,

**Second,** that the defendant possessed the methamphetamine with the intent to distribute it.

To "possess with the intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.



## INSTRUCTION NO. 3

### Count 3- Attempt to Manufacture Methamphetamine

Count 3 of the Indictment charges the Defendant, Brent Felix Bloomer, with attempting to commit the crime of manufacturing methamphetamine in and about May 2005 until on or about July 12, 2005 in the Western District of Kentucky.

Title 21, United States Code, §841(a)(1), makes it a crime for anyone to knowingly or intentionally manufacture a controlled substance. Methamphetamine is a controlled substance.

The term "manufacture" as it relates to this case means the production, preparation, compounding or processing of a controlled substance, either directly or indirectly or by extraction from substances of natural origin, or independently by means of chemical synthesis or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of such substance or labeling or relabeling of its container.

For you to find the defendant guilty of an attempt to manufacture methamphetamine, you must be convinced that the government has proven each of these elements beyond a reasonable doubt:

**First,** that the defendant intended to commit the crime of manufacturing methamphetamine as discussed above; and

**Second,** that the defendant did some overt act that was a substantial step towards committing the crime of manufacturing methamphetamine.

Merely preparing to commit a crime is not a substantial step. A defendant's conduct must go beyond mere preparation, and must strongly confirm that he intended to manufacture methamphetamine. But the government does not have to prove that a defendant did everything except the last act necessary to complete the crime. A substantial step beyond

mere preparation is enough.

If you are convinced that the government has proved these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about these elements, then you must find the defendant not guilty.

### Additional Finding

If you find the Defendant guilty of attempt to manufacture methamphetamine, then you must also determine the amount of methamphetamine involved in this crime. You will be asked in a special verdict form to indicate if you believe from the evidence, beyond a reasonable doubt, that the amount of methamphetamine he attempted to manufacture was 50 grams or more, 5 grams or more but less than 50 grams, or less than 5 grams.



## INSTRUCTION NO. 4

### Count 4 – Possession of Pseudoephedrine

Count 4 of the Indictment charges the Defendant, Brent Felix Bloomer, with possession of pseudoephedrine, a List I chemical, with the intent to manufacture methamphetamine or possessing pseudoephedrine knowing, or having reasonable cause to believe that, the pseudoephedrine would be used to manufacture methamphetamine, in violation of Title 21, United States Code, § 841(c)(1) and (2) on or about July 12, 2005 in the Western District of Kentucky.

For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of these elements beyond a reasonable doubt:

**First,** the defendant knowingly possessed pseudoephedrine, a List I Chemical; and

**Second,** the defendant possessed it with either the intent to manufacture methamphetamine or knowing, or having reasonable cause to believe, that the pseudoephedrine would be used to manufacture methamphetamine.

The Court has previously defined manufacture in Instruction No. 3.

If you are convinced that the government has proved these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about these elements, then you must find the defendant not guilty.



# INSTRUCTION NO. 5

## Count 5 – Possession of Equipment, Chemicals, and Materials with the Intent to Manufacture Methamphetamine

Count 5 of the Indictment charges the Defendant, Brent Felix Bloomer, with possession of equipment, chemicals, and materials knowing, intending, or having reasonable cause to believe that it would be used to manufacture methamphetamine in violation of Title 21, United States Code, § 843(a)(6) on or about July 12, 2005 in the Western District of Kentucky.

For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of these elements beyond a reasonable doubt:

**First**, that the defendant knowingly possessed equipment, chemical or material which may be used to manufacture methamphetamine; and

**Second**, that the defendant possessed the equipment, chemical or material knowing, intending, or having reasonable cause to believe, that it would be used to manufacture methamphetamine.

The Court has previously defined manufacture in Instruction No. 3.

If you are convinced that the government has proved these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about these elements, then you must find the defendant not guilty.



## INSTRUCTION NO. 6

### Count 8 – Possession of a Firearm in Furtherance of a Drug Trafficking Crime

Count 8 of the Indictment charges the Defendant, Brent Felix Bloomer, with possessing firearm in furtherance of a drug trafficking crime on or about and between May 2005, and July 12, 2005 in the Western District of Kentucky, in violation of 18 U.S.C. § 924(c). Specifically, the Indictment charges that the Defendant possessed a Maverick Arms, Model 88, 12 gauge shotgun; and a Hi Point, Model C, 9mm Pistol.

For you to find a defendant guilty of possession of a firearm in furtherance of a drug trafficking crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

**First,** that the defendant committed one of the drug trafficking crimes charged in Counts 1, 2, 3, 4 or 5 of the Indictment;

**Second,** that the defendant knowingly possessed at least one of the firearms described in Count 8 of the Indictment, a Maverick Arms, Model 88, 12 gauge shotgun and/or a Hi Point, Model C, 9mm Pistol; and

**Third,** that the possession of the firearm was in furtherance of the crime charged in Counts 1, 2, 3, 4, or 5 of the Indictment.

The term "firearm" means any weapon which will or is designed to expel a projectile by the action of an explosive.

The term "in furtherance of" means that the firearm was possessed to advance or promote the crime charged in Counts 1, 2, 3, 4 or 5 and that the firearm was strategically located so that it was quickly and easily available for use.

If you are convinced that the government has proved all of these elements, say so by